IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER PEREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 8711 |
| TOM DART, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Javier Perez ("Perez") has used the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint") to file an action against Cook County Sheriff Tom Dart based on assertedly unconstitutional living conditions to which he was subjected while a pretrial detainee at the Cook County Jail.[1] Perez has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application," Dkt. No. 3) and a Motion for Attorney Representation ("Motion," Dkt. No. 4). As is almost invariably the case with such pro se efforts, there are a number of respects in which Perez' filings are deficient.[2] This memorandum order is issued sua sponte to identify some of the problems that Perez must overcome if he is to obtain relief.

To begin with, 28 U.S.C. § 1915 ("Section 1915") expressly requires every prospective prisoner plaintiff to include as part of his filings "a certified copy of the trust fund account

---

[1] Perez's filings reflect that he is now in custody at the Lincoln Correctional Center ("Lincoln"), though he nowhere states when he was transferred there from the Cook County Jail.

[2] This is not said by way of criticism -- it is extraordinarily difficult for a pro se litigant to go forward on his or her own, and that difficulty is enhanced when the plaintiff is further inhibited by being held in custody.

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" (Section 1915(a)(2)). On that score Perez cannot claim unawareness of that requirement -- here is the notification (boldface type and underlining in the original) that appears in the Application form immediately below the signature space where Perez signed the Application:

> **NOTICE TO PRISONERS**: <u>In addition to the Certificate below, a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period</u>. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account -- prepared by <u>each</u> <u>institution</u> where you have been in custody during that six-month period. As already stated, you must also have the Certificate below completed by an authorized officer at each institution.

In Perez' case that calls for such statement or statements for the entire six-month period between March 1 and September 1, 2016.[3] That requires such statements from every custodial institution (the Cook County Jail, Lincoln and any other such institution) where Perez was housed during that time frame -- but Perez has tendered none of those statements.

Next, the Motion is also deficient because Perez has left its paragraph 2 blank, even though that paragraph has an express requirement "NOTE" that states "This item must be completed." That paragraph is critical, for Perez is called upon there to justify what efforts he has made to obtain legal representation on his own -- information that our Court of Appeals requires to be provided before any consideration can be given to such a motion.

---

[3] Perez signed his papers on September 1, and the photocopy of the envelope in which they were transmitted has a September 2 postmark date. It is irrelevant for legal purposes that the Clerk's Office has stamped the documents with a September 6 "filed" date.

Finally and even more critically, here is a condition that Congress has prescribed before any lawsuit of the type advanced by Perez can be entertained in this District Court (42 U.S.C. § 1997e(a)) ("Section 1997e(a)"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Because Perez was quite obviously unaware of that requirement, his Complaint is totally silent on that score -- but he must address it if he hopes to go forward with this action.

In summary, Perez must supplement his original filings on or before September 26, 2016 with each of the following:

1. any documentation that reflects his having complied with the Section 1997e(a) precondition to suit; and

2. the trust fund account statements referred to earlier in this memorandum order.

If Perez cannot provide the information called for in the first of those respects, this Court will be compelled to dismiss both the Complaint and this action without prejudice. In that event, however, Perez will remain obligated to provide the information called for by the second of those requirements, so that this Court will be able to carry out its responsibilities under Section 1915. In the meantime the Motion will not be addressed until the other aspects of this memorandum order are dealt with.

_____
Milton I. Shadur
Senior United States District Judge

Dated: September 12, 2016